Argued January 19, affirmed July 5, 1977

STATE OF OREGON, *Appellant,*

*v.*

PHILLIP VINCENT PEETS, *Respondent.*

(No. 75-08-2442 Cr, CA 6726)

566 P2d 183

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem.

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

**THORNTON, J.**

The state appeals from an order dismissing an indictment for criminal activity in drugs against defendant.

Defendant was arrested following an alleged sale of lysergic acid moiety (LSD) to an undercover police officer on February 20, 1975. Following his release, defendant was indicted on March 27, 1975. This original indictment was dismissed on the state's motion and defendant was reindicted August 1, 1975. He was not arraigned until May 4, 1976, a delay, from the original indictment, of about 13 months.

Defendant moved to dismiss for lack of speedy trial on May 19, 1976.

The trial court made the following findings of fact relevant to the issue of the reason for delay:

"The alleged drug transaction occurred on February 20, 1975 at a Portland tavern located in Southeast Portland. Defendant was arrested at that time, at least he was placed on notice that he had committed a crime and that he would be so charged, but was not taken into custody. At all times since this incident until his arrest on May 1, 1976, according to the uncontradicted testimony of the defendant he resided and worked in the Portland area and made no attempt to conceal his identity. Until sometime in March he lived with his wife and family on S.E. 101st and worked for Kost Trailer Sales. About that time he and his wife separated and he roomed with a friend on 119th and Holgate. Since August of 1975 he has been employed by Commercial Construction which business is located on S.E. Stanley Place, and he has lived at the same address. He has operated the same automobile throughout this period.

"On April 14 and April 15, 1975, an officer from the Warrants Section of the Multnomah County Sheriff's office went to the address on 101st. On the first date no one was at home and the second date the defendant's wife was contacted, but he was unable to determine the whereabouts of the defendant from her. This officer also attempted to locate Kost Trailer Sales by driving down

[ 9 ]

S.E. 82nd Avenue. The narcotics officer who was involved in the tavern incident testified that on one instance sometime before August of 1975 while he was still undercover, he went to the house on 101st Avenue but was unable to locate the defendant. After August 15 he drove by the house on several occasions but did not observe the defendant."

The trial court concluded that the reason for delay was the failure of the state "to exercise reasonable diligence in efforts to serve the warrant."

On the issue of prejudice the trial court found that:

"Following his arrest on May 1, 1976, defendant returned to the tavern in an attempt to identify and locate persons who had witnessed the events of February 20, 1975. Primarily he hoped to find a certain barmaid who in turn could identify some of the patrons who were on the premises. The barmaid was no longer employed at the tavern and therefore he was unsuccessful. * * *

"The showing of prejudice is not strong. Obviously there is no evidence that a witness or witnesses favorable to the defendant are not available because of the lapse of time. However, there is a possibility that his ability to defend himself has been impaired."

As the state observes in its brief:

"This case on its facts is quite similar to *State v. Marshall Ivory,* C/A No. 6343 * * *."

We conclude that *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977), is dispositive of the case at bar.

Affirmed.